**Bobby WILSON, d/b/a Wilson Salvage Company, Appellant,**

v.

**W. D. HAYS, Appellee.**

No. 5668.

Court of Civil Appeals of Texas, Waco.

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

Bill A. Davis, Lubbock, for appellant.

David K. Brooks, Midland, for appellee.

OPINION

JAMES, Justice.

This is a suit by the buyer against the seller for breach of an oral contract to sell

and deliver used bricks. Trial was had to a jury, which rendered a verdict favorable to the Plaintiff buyer, pursuant to which verdict the trial court entered judgment. We affirm in part and reverse and render in part.

Plaintiff-Appellee W. D. Hays was in the business of buying and selling used building materials. Defendant-Appellant Bobby Wilson doing business as Wilson Salvage Co. was in the business of wrecking or demolishing buildings. In March 1972, Defendant Wilson was in the process of wrecking some buildings in Midland, Texas. Plaintiff Hays became interested in buying the used, uncleaned brick from Defendant Wilson's demolition work. Whereupon, Hays and Wilson entered into an oral agreement whereby Wilson agreed to sell and deliver 600,000 used uncleaned bricks to Hays at a price of one cent per brick, and Hays agreed to buy said bricks at said price. Hays paid Wilson $6,000.00 in advance. Wilson delivered the uncleaned brick to a designated area where Hays had people hired to clean and stack the brick. Wilson delivered a lesser number of brick than 600,000, thereby precipitating this suit.

Plaintiff-Appellee Hays brought this suit for the return of the proportionate part of the purchase price paid for the bricks he did not get, plus damages. In answer to special issues the jury found:

(1) That Bobby Wilson orally agreed with Hays that he, Bobby Wilson, would sell and deliver to Hays at least 600,000 bricks at a price of one cent per brick;

(2) That Orville Wilson (a cousin and employee of Bobby Wilson) orally agreed with Hays that Bobby Wilson would sell and deliver to Hays at least 600,000 bricks at a price of one cent per brick;

(3) That Orville Wilson had the authority to make such agreement as agent of Bobby Wilson;

(4) That Orville Wilson had the apparent authority to make such agreement on behalf of Bobby Wilson;

(5) That Bobby Wilson knew or should have known that Orville Wilson had agreed to sell Hays at least 600,000 bricks at a price of one cent per brick, at the time he (Bobby Wilson) either assented to the sale or at the time he cashed the $6000.00 cashier's check given by Hays;

(6) That Bobby Wilson did not deliver 600,000 uncleaned bricks to Hays (but)

(6A) delivered only 400,000 bricks to Hays;

(7) The market value of used bricks in Midland, Texas in April 1972, was five cents per brick;

(8) Hays suffered lost profits in the amount of $6250.00 by virtue of the failure of Bobby Wilson to deliver to Hays at least 600,000 bricks;

(9) That Hays saved $2605.00 in expenses in consequence of the failure of Bobby Wilson to deliver to him (Hays) at least 600,000 bricks.

Pursuant to the jury verdict, the trial court entered judgment in favor of Plaintiff Hays against Defendant Bobby Wilson in the amount of $13,645.00, plus accrued interest at 6% per annum from and after May 15, 1972, up to Jan. 27, 1976, same being the date of the trial court's judgment, plus interest at 9% per annum from and after the date of said judgment. From this judgment, Defendant Wilson appeals.

Appellant's first and second points assert that the evidence is legally and factually insufficient to support the jury's findings in answer to Special Issues Nos. 3 and 4. In other words, Appellant says there is no evidence, and insufficient evidence to support the jury's findings that Orville Wilson had authority to make the agreement in question as the agent of Bobby Wilson (Issue No. 3), and the jury's finding that Orville Wilson had apparent authority to make such agreement in behalf of the Defendant (Issue No. 4).

We overrule these points, because these jury findings in answer to Special Issues Nos. 3 and 4 are immaterial. As stated hereinabove, the jury found in answer to Special Issue No. 1 that Bobby Wilson (himself) orally agreed with Hays that he would

sell and deliver to Hays at least 600,000 bricks at a price of one cent per brick. This finding alone was sufficient to establish the existence of the contract in question, thereby rendering immaterial the question of whether Orville Wilson had actual or apparent authority to represent the Defendant Bobby Wilson. This jury's finding in answer to Special Issue No. 1 is not attacked. However, without detailing the testimony, we will say from our examination of the record that the evidence is legally and factually sufficient to support the jury's findings in response to Special Issues Nos. 3 and 4. Appellant's points one and two are overruled.

By Appellant's remaining three points, he challenges the $13,645.00 judgment upon the ground, among other things, that there is no evidence to support the jury's findings in answer to Special Issues No. 8 (lost profits) and No. 9 (expenses). We sustain these points of error insofar as they assert no evidence to support the jury's findings concerning lost profits less expenses, and in all other respects we overrule such points.

Plaintiff-Appellee Hays's remedies and measures of damages as a buyer of goods in the case at bar are governed by Sections 2.711, 2.712, 2.713, and 2.715 of the Texas Business and Commerce Code. We herewith quote the portions of said sections that bear upon the case at bar:

"*Sec. 2.711. Buyer's Remedies in General; * * *.*

(a) Where the seller fails to make delivery or repudiates * * * the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid

(1) 'cover' and have damages under the next section as to all the goods affected whether or not they have been identified to the contract; or

(2) recover damages for non-delivery as provided in this chapter (Section 2.713)."

* * * * * *

"*Section 2.712. 'Cover'; Buyer's Procurement of Substitute Goods*

"(a) After a breach within the preceding section the buyer may 'cover' by making in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller.

"(b) The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages as hereinafter defined (Section 2.715), but less expenses saved in consequence of the seller's breach.

"(c) Failure of the buyer to effect cover within this section does not bar him from any other remedy."

"*Section 2.713. Buyer's Damages for Non-Delivery or Repudiation*

"(a) * * * the measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages provided in this chapter (Sec. 2.715), but less expenses saved in consequence of the seller's breach."

* * * * * *

"*Section 2.715. Buyer's Incidental and Consequential Damages*

"(a) Incidental damages * * * (not applicable).

"(b) Consequential damages resulting from the seller's breach include

(1) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; * * *."

Let us analyze the verdict and judgment in the light of the foregoing statutory provisions. In the first place, it is established that Plaintiff Hays paid $6000.00 for 600,-000 used brick at the rate of one cent per brick, whereas he received only 400,000 brick. Therefore he paid $2000 for 200,000 brick that he never got, and he is thereby entitled to recover $2000.00 under Section

2.711 for "recovering so much of the price as has been paid."

Next, under Section 2.713, he is entitled to damages for "non-delivery or repudiation," and here his measure of damages is the difference between the market price and the contract price. The contract price of the 200,000 brick not delivered is established at $2000.00. The market price at the appropriate time and place of the undelivered brick was five cents per brick or $10,000.00. This jury finding of market value (five cents per brick) although challenged by Appellant for legal and factual insufficiency, is amply supported by the evidence and is well within the range of probative testimony. Therefore under Section 2.713 and appropriate jury findings, Plaintiff is entitled to $8000.00 damages (or $10,000.00 market price less $2000.00 contract price) for non-delivery.

Now we come to the problem of "consequential damages * * * less expenses saved in consequence of the seller's breach" as mentioned in Sec. 2.713 and which damages are provided for in Sec. 2.715. As stated, the jury found Hays sustained lost profits of $6250.00 (Special Issue No. 8) and saved $2605.00 expenses (No. 9), thereby suffering a lost profits net of $3645.00, which last-named amount was included in the $13,645.00 judgment total. This $3645.00 lost profits amount has no support in the evidence. Under Sec. 2.715, "consequential damages" includes "any loss * * * which could not reasonably be prevented by cover or otherwise." There is no evidence in the record whatever that Plaintiff Hays at any time made any effort to cover or in any other manner attempt to prevent or mitigate a loss resulting from the Defendant Wilson's non-delivery of the 200,000 brick in question. In the absence of such a showing these consequential damages are unauthorized under Section 2.715. The burden of proving the extent of loss incurred by way of consequential damage is on the buyer. See committee comment to Section 2.715; also *General Supply and Equipment Co. v. Phillips* (Tyler CA 1972) 490 S.W.2d 913, 920, NRE. This being so, we are of the opinion that there is no evidence to support these jury findings concerning consequential damages, and that the trial court's judgment insofar as it awarded Plaintiff Hays $3645.00 lost profits is improper and this amount should be deleted from said judgment.

As stated before, the judgment is proper and should be affirmed for the amount of $10,000.00, same being composed of $2000.00 paid by Plaintiff for which he received no bricks plus $8000.00 damages for non-delivery.

We therefore affirm in part and reverse and render in part the trial court's judgment as follows: Plaintiff-Appellee Hays is hereby awarded judgment against Defendant-Appellant Wilson in the amount of $10,000.00, plus interest at six percent per annum from and after May 15, 1972 up until January 27, 1976, the date of entry of the trial court's judgment, together with interest from the date of the trial court's judgment upon the amount then due at the rate of nine percent per annum until paid.

Costs of the trial court and of this appeal are taxed one-half each to Appellant and Appellee.

AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.